Shaw C. J.
afterward drew up the opinion of the Court. It seems clear that the pending of another action will be no good plea in abatement, unless a judgment in such action would be a bar to this, and would also be binding between the parties. Otherwise such a judgment would not be equally efficacious and beneficial with the one sought in this suit, and so it would be unjust to deprive the plaintiffs of the benefit of their suit. This was the reason of the judgment in Maule v. Murray, 7 T. R. 470. For the same reason it is held in England, that the pending of a suit in an inferior court, or court of peculiar jurisdiction, as the admiralty, or in the court of a foreign coun *481 try, shall not be deemed ground of abatement. Com. Dig. •Abatement, H 24, 9.
It has been held in this Court, upon great consideration, that a judgment of a court in another State is not binding and conclusive upon the parties, as a judgment, unless the court had jurisdiction of the parties and the subject matter, and unless the defendants in fact appeared, or were duly served with process. And if these facts do not appear upon the record, they are open to inquiry and proof in a suit on the judgment. Hall v. Williams, 6 Pick. 232.[1]
Where a plea in abatement is filed in common form, averring the fact of the pending of another action for the same cause, in another court of competent jurisdiction, within the same government, it is sufficient, because each court will take notice judicially of the powers of other courts, and of their forms of process and practice ; and therefore an averment, that the defendant has been impleaded, and that an action is pending, is equivalent to an averment, that the defendant has been duly served with process, that the court is of competent juris dictitin, and that a judgment, when recovered, will be conclusive between the parties.
But the courts of one State cannot judicially take notice of the laws and practice of another, and the averment that an action is pending, does not necessarily import that the defendant has-appeared or been served with process. An action maybe pending for some purposes, as to hold attached property, or charge effects in the hands of a trustee, and to that extent the court may have jurisdiction, and its judgment be binding, and still it may have no jurisdiction of the person, so that a judgment will be conclusive to all purposes upon the common' principles of res judicata.
We are therefore all of opinion, whatever might be the effect of such a plea with more full and complete averments, showing the jurisdiction of the court of another State over the subject and over the persons of the parties, that the common allegation, that the same plaintiffs have impleaded the same defend *482 ant for the same cause of action, in a court of another State, in an action which is stiil pending, is not a good plea in abatement to an action otherwise rightfully commenced and prosecuted in the courts of this Commonwealth.

Respondeat ouster.

 See 6 Pick. (2d ed.) 244, 247, and notes; Whittier v. Wendell, 7 N. Hamp. R. 257 ; Story’s Conflict of Laws, 492 et seq., 459 et seq., 509; Hall v. Williams, 1 Fairfield, 283 to 287 ; Bradshaw v. Heath, 13 Wendell, 407.